S. L. MILLER v. STATE.

No. A-1291. Opinion Filed February 3, 1912.

Appeal from Cherokee County Court; J. F. Parks, Judge.

J. I. Coursey, for appellant.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Appellant was convicted for a violation of the prohibitory liquor law and his punishment was assessed at a fine of fifty dollars and thirty days' confinement in the county jail. Only two witnesses were introduced upon the trial of this cause. Their testimony was as follows: A. B. Cunningham testified for the state: Witness lived at Tahlequah eighteen or twenty years; acquainted with defendant, S. L. Miller, on the 8th day of February and saw him on that date in his store. ''I went in the store some time late in the evening and asked him if he knew where I could get some liquor and he said he might get some later on and I came back after supper and he got me some;'' a quart bottle; witness paid a dollar and a half or two dollars for the liquor. This was in Cherokee county, state of Oklahoma. Witness testified on cross-examination that he had been drinking for several days, and that he bought the whisky in question either Monday or Tuesday evening.

S. L. Miller, defendant, testified: Witness was forty-two years old; lived in the city of Tahlequah twenty-one years; was living there on the 6th or 7th of February of this year. and the 8th; was acquainted with the prosecuting witness, Andy Cunningham; denied that he sold Cunningham whisky on the 8th of February or that he ever sold him any; saw Cunningham on Monday night. Cunningham stopped witness on the street and asked if witness had any whisky at the store. ''I said I didn't. He said, 'Why in the hell have you not?' He cursed me and whooped and said, 'You had better quit business.' I was going to the upper store to check up; it was about nine or ten o'clock.'' Witness is engaged in the drug business near the Nicholson Hotel on South Muskogee street. The jury were the exclusive judges of the testimony. The witnesses were before them. The jury having

accepted as true the testimony offered by the state, and there being
nothing in the record to show they were influenced by improper motives,
we must accept their verdict as correct. Applied to the evidence, there
is nothing in the instruction of the court which could have influenced
the jury against appellant. The transfer of the case from the district
court to the county court appears to be regular. The judgment of the
lower court is therefore affirmed.